SOUTHWICK, Circuit Judge, specially
concurring.
Double Jeopardy prohibits Texas from prosecuting Hernandez a second time for the same offense after an acquittal or punishing him multiple times for the same offense. Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). There has been no second prosecution. As to multiple punishments, initially we held that Hernandez had raised enough in his motion to create a need for discovery. The question was whether Texas adjusted his sentence in a manner that disturbed a legitimate expectation of its finality. See United States v. DiFrancesco, 449 U.S. 117, 137, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The Supreme Court has also made it clear that the Constitution did not give a defendant “the right to know at any specific moment in time what the exact limit of his punishment will turn out tobe.” Id.
On rehearing, I am convinced that we -need not reach the question of the manner in which the language in DiFmncesco about reasonable expectations would apply to Hernandez’s claims about his sentences. Whatever his personal expectation might have been, Hernandez has not identified any basis in state law that was the source for his expectation that was later thwarted by the decision of Ex Parte Forward, 258 S.W.3d 151 (Tex.Crim.App.2008).
The discovery we ordered would have pursued whether sentences indeed were once served differently than Ex Parte Forward declared. That was error. The purpose of discovery is not to fish for the possible; it is to find what there is good cause to believe exists. Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir.1994). “Conclusionary allegations are not enough to warrant discovery” in a suit. Id. Hernandez has not shown good cause.
Therefore, whether the certainty he claims he once had and then lost is one the Double Jeopardy Clause protects does not need to be reached.
It is for these reasons that I join in the substitute opinion for the panel.